CHIPMAN et al. v. AMERICAN FORK CITY et al.

No. 3221.  Decided March 12, 1919.  (179 Pac.  742.)

1.  APPEAL AND ERROR—FORMER DECISION AS LAW OF CASE.  In action for damages from waters overflowing a ditch, evidence on second trial *held* substantially the same as that on the first trial, so that decision on the first appeal, that evidence was sufficient to authorize a finding for plaintiff, was decisive on second appeal, that findings for plaintiffs was warranted.  (Page 95.)

2.  WATERS AND WATER COURSES—DUTY TO REPAIR DITCH—INSTRUCTION.  In action for damages to realty from waters overflowing a ditch, instructions as to duty of one constructing, and assuming to control and regulate, a ditch to keep it in repair, *held* to correctly state the law.  (Page 96.)

3.  APPEAL AND ERROR—FORMER APPEAL—LAW OF CASE.  The pleadings on the second trial being precisely the same as those on the first, and the evidence on both trials being substantially the same, it must be held on the second appeal that instructions of the trial court on the second trial, conforming to pleadings and evidence and to rulings on the former appeal, correctly stated the law of the case.  (Page 98.)

4.  WATERS AND WATER COURSES—IRRIGATION—DAMAGES.  Where street ditch, when originally constructed, was within the limits of defendant city, that limits were subsequently changed would not affect defendant's liability for damages due to water overflowing ditch because of failure to keep it free from obstructions, the acts in constructing and maintaining the ditch being authorized by Comp. Laws 1917, sections 570x15, 570x17, 570x18, and not ultra vires.  (Page 98.)

5.  APPEAL AND ERROR—DEFENSE NOT PLEADED—AVAILABILITY.  A defense not pleaded by defendant appellant is not available on appeal.  (Page 99.)

6.  APPEAL AND ERROR—SECOND APPEAL—BINDING EFFECT OF PRIOR APPEAL.  Being bound to yield to the doctrine of law of the case as declared on the former appeal, it is immaterial what the view of the Supreme Court on second appeal would be respecting appellant's liability.  (Page 99.)

Appeal from the District Court of Utah County, Fourth District; *Hon. A. B. Morgan*, Judge.

Action by Thomas J. Chipman and another, executors. against American Fork City and others.

Judgment for plaintiffs. Defendant named appeals.

AFFIRMED.

*Parker & Robinson* of Provo, for appellant.

*W. E. Rydalch* and *C. M. Beck*, both of Salt Lake City, for respondents.

FRICK, J.

This is an appeal by American Fork City, hereinafter called appellant, from a judgment in favor of the plaintiffs, hereinafter styled respondents. In the court below the jury found against both the appellant and Pleasant Grove City, but found in favor of the Lehi Irrigation & Canal Company. The district court, however, set aside the verdict returned against Pleasant Grove City, and thus American Fork City, the appellant, is the only defendant that is interested in this appeal.

The case was here on a former appeal. *Chipman et al.* v. *American Fork City et al.*, 46 Utah, 134, 148 Pac. 1103. On the former trial the district court granted a nonsuit in favor of all of the defendants, and entered judgment dismissing the action, from which the plaintiffs (respondents here) appealed. The judgment was reversed by this court holding that the pleadings and evidence were sufficient to take the case to the jury. The facts so far as material here, are stated in the former opinion as follows:

"The plaintiff's were nonsuited and appeal. The action is brought to recover damages to real property alleged to have been caused from waters overflowing a ditch or canal along a street in American Fork City. It is grounded on negligence, failing to keep the

ditch or canal free from obstructions. The nonsuit was granted on the theory that no legal duty was shown on the defendants, or either of them, to maintain the ditch or to keep it in repair or free from obstructions.

"American Fork Creek has its source in the mountains about six miles from American Fork City. The creek courses southwesterly through the city and empties into Utah Lake. About all the waters of the creek in an early day were appropriated and since used by the defendants. * * * American Fork takes its waters a considerable distance below the intake of the other defendants, and by means of ditches and laterals distributes them to its inhabitants and farmers in that vicinity. Each defendant regulates and controls the waters and the distribution of them in their respective cities, etc., levying and collecting taxes and assessments for such purpose and for maintenance and repair of their respective distributive systems. In about the year 1885 American Fork City, and within the corporate limits of that city, diverted the waters from the natural channel, running in a southwesterly direction, and, by means of a ditch or canal, carried them along what is known as Camp street in a more southerly direction to the lake. From thence on the waters of the creek coursed to the lake from such point of diversion in such artificial ditch or channel instead of the natural channel. It is from that artificial ditch or channel that the overflow occurred and spread over and injured plaintiffs' realty. There is evidence to show that that ditch or canal was regulated, controlled, cleaned, and repaired by American Fork City in the same manner that it regulated and controlled all other ditches of its distributive system, and defrayed and paid the necessary costs and expenses therefor out of public funds. We think it quite clear that the nonsuit was erroneously granted as to that defendant."

It is not necessary to state the facts further, as they appear in that opinion. There are some additional facts, however, to which we shall refer later.

A careful comparison of the evidence produced by respondents on the first trial in support of the allegations contained in their complaint with the evidence produced by them on the second trial compels the conclusion that the evidence was substantially the same on both trials. True, counsel for appellant contend that there is evidence on the last trial to the effect that the appellant had not interfered with a natural water course; that at the point where the high or flood waters of American Fork Creek were

turned into the canal or ditch referred to in the foregoing statement of facts the banks of said creek were practically obliterated, and were insufficient to confine the water flowing in said creek, and that by reason of that fact, in case of high water, it would spread out over the surrounding country, including respondents' lands, etc. While it is true that there is such evidence, yet it is also true that there is abundant evidence to the effect that if the appellant had permitted the water to flow down the original channel of said creek, however shallow it may be, and although the water would have spread to a considerable extent over the surrounding country, yet that it would not have caused the damages to respondents' land; and, further, that if appellant had kept the ditch or canal which was constructed down what is called Camp street cleaned out, as it was requested to do by respondents, their land would not have been damaged, at least not to the extent it was damaged. The jury were thus authorized to find that the damages complained of were caused as alleged in the complaint.

It is, however, insisted by appellant's counsel that the court erred in its instructions to the jury; that is, that it misdirected the jury with regard to the law applicable        2 to the facts. In view that the following instruction to the jury fully and fairly reflects both the theory of the complaint and the evidence produced in support thereof, we give it in full. It reads:

"If you find from the preponderance of the evidence in this case that the defendant American Fork City constructed the ditch or canal situated on Camp street in American Fork City, and that said defendant did assume to control and regulate the said ditch, and did expend money or labor thereon for its upkeep or maintenance from time to time, beginning about the year 1885, then you are instructed that said defendant American Fork City is charged with a duty of keeping the said ditch on Camp street in reasonably good repair and condition to serve the purpose for which said ditch was constructed and maintained by said defendant American Fork City. You are further instructed that said duty is dictated and measured by the exigencies of the circumstances attendant upon the construction and maintenance of said ditch.

"If you find from a preponderance of the evidence in this case

that the defendant American Fork City constructed the ditch or canal situated on Camp street, and that said defendant did assume to control and regulate said ditch, and did expend money or labor thereon for its unkeep or maintenance from time to time, beginning about the year 1885, and you further find from a preponderance of the evidence in this case that during the year 1909 the defendant American Fork City failed and neglected to use reasonable diligence to maintain and repair said ditch, and to keep it in a condition to serve the purposes for which it was constructed, and that on account of such negligence the plaintiffs and said F. M. Parker were damaged in their lands and the crops growing thereon, then the plaintiffs are entitled to recover from the defendant American Fork City any damages sustained by them. * * *

In this connection we must keep in mind that the pleadings on the last trial, both in form and substance, were precisely the same as they were on the first trial, and that respondents' evidence was substantially the same on both trials. When, therefore, we held on the former appeal that respondents' evidence, as matter of law, was sufficient to authorize a finding in their favor, we in effect settled the law of this case. If, as matter of law, the evidence was sufficient on the former trial to authorize a finding in favor of respondents, it, in view that it is substantially the same on this appeal, must also be held sufficient to sustain such a finding. That is necessarily so for the reason that the former ruling of this court that the evidence was sufficient to authorize a finding in favor of respondents is the law of this case. The law which controls in such cases is correctly and tersely stated in 3 Cyc. 395, in the following words:

"It is a rule of general application that the determination of an appellate court in a case is the law of that case. No question necessarily involved and decided on that appeal will be considered on a subsequent appeal or writ of error in the same case. Consequently, where, after a definite determination, the court has remanded the cause for further action below, it will refuse to examine questions other than those arising subsequently to such determination and remand, or the propriety of the compliance with its mandate; and, if the court below has proceeded in substantial conformity to the directions of the appellate court, its action will not be questioned on a second appeal."

The same rule applies with regard to the pleadings and the evidence.

Referring again to the same authority and volume, at pages 401, 402, the rule is stated thus:

"Where the sufficiency of a pleading is determined on one appeal, the determination is conclusive when the same question is presented on a subsequent appeal, although the grounds urged were not presented on the former appeal. However, if the pleading is amended so as to materially change the issue on the second trial, the former decision is not the law of the second appeal; but amendments which do not substantially change the character of a pleading will not change the rule.

"On a second appeal the court will not re-examine the evidence, the sufficiency of which, or substantially the same, was passed upon on a former appeal, but will adhere to its former ruling. Otherwise, where the testimony on the second trial is materially different."

In view, therefore, that we held on the former appeal that the evidence was sufficient to authorize a finding in favor of respondents, which evidence merely followed and supported the allegations of the complaint, we, in view of the doctrine of the law of the case, are now forced to hold that if the instructions of the court conform to the pleadings and the evidence, and to the ruling on the former appeal, they correctly reflect the law of the case. In view of these facts we can see no escape from the conclusion that the instructions must be held to correctly state the law as we held it to be on the former appeal.

This disposes of the questions that the evidence is insufficient to justify the verdict of the jury and that the instructions of the court were erroneous.

It is next contended (which was not involved on the former appeal) that the court erred in not sustaining appellant's contention that it acts in constructing and maintaining the Camp street ditch were ultra vires because said ditch at the time of the alleged damages was outside or beyond the city limits. When the ditch was originally constructed it was inside of the city limits. Those limits were, however, thereafter changed, and at the time of the damages complained of the ditch was outside of the city limits. That fact, in our judgment, cannot affect appellant's liability if it is otherwise liable. Nor, in view of our statute

(Comp. Laws 1917, sections 570x15, 570x17 and 570x18), is the contention tenable. A mere cursory reading of those sections will show that the acts in constructing and maintaining the ditch were authorized.

It is also contended that the damages complained of were the result of an act of God, for which appellant is not responsible. The evidence produced upon that question would, however, not authorize a finding to that effect. A complete answer to the contention, however, is that no such defense was pleaded by the appellant, and hence is not available on this appeal. *Orient Ins. Co.* v. *N. P. Ry. Co.*, 31 Mont. 502, 78 Pac. 1036; *Chicago, R. I. & P. Ry. Co.* v. *Shaw*, 63 Neb. 380, 88 N. W. 508, 56 L. R. A. 341; 3 Suth. Code Pleading, section 4216.

In view of the foregoing conclusions, no good purpose could be subserved by reviewing the numerous cases cited by counsel on both sides. Being now bound to yield to the doctrine of the law of the case as that law is declared on the former appeal, it is immaterial what the view of the writer or the other members of the court would be respecting appellant's liability.

We remark that in view that both Mr. Chief Justice CORFMAN and Mr. Justice THURMAN were disqualified to sit, the case was, by special agreement of counsel, submitted to the writer, and to Mr. Justice GIDEON and Mr. Justice WEBER.

In view of what has been said, it follows that the judgment should be, and it accordingly is, affirmed, with costs.

WEBER and GIDEON, JJ., concur.