## NEILSON et al. v. EISEN et al.

No. 7306.   Decided September 28, 1949.   (209 P. 2d 928.)

See 4 C. J. S., Appeal and Error, sec. 228. Appeal, generally, see note, 1 A. L. R. 2d 422. See, also, 2 Am. Jur. 843.

*Sam Bernstein,* Salt Lake City, *Harry Metos,* Salt Lake City, for appellant.

*Callister, Callister & Lewis,* Salt Lake City, for respondents.

WOLFE, Justice.

This is an appeal by Isadore Eisen, one of the defendants below, from a judgment obtained against him by the

respondents, Albert P. Neilson, and his wife, Eileen W. Neilson, plaintiffs below, in the sum of $8500, with interest at the rate of eight per cent per annum from April 1, 1947, plus $500 attorney fees and costs. A judgment of no cause of action was entered in favor of the other defendant, Freda Eisen. From the latter judgment no appeal has been taken, and consequently, Freda is not a party to this appeal.

In May of 1946, Isadore Eisen contacted B. D. Scott, a real estate broker and president and manager of the Scott Investment Co., concerning the purchase of a home owned and being constructed by the respondents on Harrison Avenue in Salt Lake City, Utah. On June 7, 1946, Mr. Eisen paid the Scott Investment Co. $1000 as earnest money and signed an agreement wherein he offered to buy the home for $21,000. Attached to and as a part of this agreement was a list of items drawn up by Mr. Scott which were to be completed in the home by the respondents. One of the items specified that a double brick garage with overhead doors was to be constructed. The respondents did not accept Mr. Eisen's offer and the earnest money was returned to Mr. Eisen by the Scott Investment Co.

Later, on August 10, 1946, Mr. Eisen made a new offer for the purchase of the home. This time he offered to pay $22,000 as the total purchase price. Two thousand dollars was paid to the Scott Investment Company as earnest money and a new list of items which were to be completed in the home was drawn up by Mr. Scott. This list differed from the June 7th list in that it specified that a double frame garage with overhead doors would be erected instead of a brick garage. Mr. Eisen is blind, and consequently, both the agreement of June 7th and the agreement of August 10th were signed by one of his sons as agent for him. Mr. Eisen testified that Mr. Scott had told him that the August 10th list of items to be completed was identical with the June 7th list. The lower court found that the offer of August 10th was not accepted by the respondents.

Negotiations between Mr. Eisen and Mr. Scott continued and finally on December 7, 1946, a uniform real estate contract was entered into wherein Freda Eisen, daughter of Mr. Eisen, agreed to purchase the home from the respondents for $22,000. The purchase price was to be paid as follows: $7000 down payment; $6500 on or before January 10, 1947; and $8500 on or before April 1, 1947. A separate agreement was entered into between the same parties specifying what items were to be completed in and about the home by the respondents. No mention was made of the garage at all. However, Mr. Neilson testified that on the date this agreement was entered into (December 7th) a double frame garage with overhead doors had already been constructed. Mr. Eisen took possession of the home upon making the down payment and is still in possession. On January 10, 1947, he paid the respondents $6500, but the final payment of $8500 which was due on April 1, 1947, he refused to make. This action was commenced by the respondents to collect that amount plus interest. Mr. Eisen contended that he had agreed to purchase the home under an agreement entered into between the respondents and himself on August 10, 1946, which provided for the construction of a brick garage. He also contended that his daughter, Freda, was not acting as his agent when she entered into the December 7th agreement with the respondents. Therefore, he claimed the right to deduct the sum of $2392.08 from the $8500 final installment because of the respondents' failure to erect a brick garage and to complete certain small items in the house. The lower court found that Freda was at all times acting as the agent of her father and that he had authorized her to enter into the contract of December 7th. Therefore, the court ordered Mr. Eisen to specifically perform his obligation under that agreement.

It is to be emphasized that upon the trial below the only contention made by Mr. Eisen was that Freda was not acting as his agent when she entered into the contract of purchase on December 7, 1946, but that under a contract

of purchase entered into between the respondents and himself on August 10, 1946, the respondents were obligated to erect a brick garage in connection with the home and that they had failed to do so. However, upon this appeal that contention has been abandoned by Mr. Eisen. He now contends for the first time that (1) the respondents must allege and prove a tender of a deed and abstract of title before they can maintain an action for the balance of the purchase price; (2) the respondents encumbered the home with a mortgage and that they now cannot maintain an action for the balance of the purchase price but must convey the property subject to the mortgage; and (3) Mr. Eisen did not in writing authorize Freda to act for him in executing the December 7th agreement nor in writing ratify her act and hence the contract is unenforceable under the statute of frauds.

It is not necessary for us to examine on their merits the three contentions raised by Mr. Eisen upon this appeal. They are all matters of defense which should have been raised below and cannot now be heard here for the first time. In *Chipman* v. *American Fork City*, 54 Utah 93, 179 P. 742, the appellant upon appeal contended for the first time that the damages complained of by the respondents were the result of an act of God for which the appellant was not responsible. We held that a complete answer to that contention was that no such defense was pleaded by the appellant and hence was not available on appeal, citing *Orient Ins. Co.* v. *Northern Pac. Ry. Co.*, 31 Mont. 502, 78 P. 1036; *Chicago R. I. & P. Ry. Co.* v. *Shaw*, 63 Neb. 380, 88 N. W. 508, 56 L. R. A. 341; 3 Suth. Code Pleading, sec. 4216. Other Utah cases in which this court has refused to entertain defenses raised for the first time on appeal include *Brooks* v. *Western Union Tel. Co.*, 26 Utah 147, 72 P. 499; *Mills* v. *Gray*, 50 Utah 224, 167 P. 358; and *Falkenberg* v. *Neff*, 72 Utah 258, 269 P. 1008. See *Danciger Oil & Refining Co.* v. *Wayman*, 169 Okl. 534, 37 P. 2d 976, 97 A. L. R. 854, where the Supreme Court of Oklahoma refused to consider questions involving statutes of frauds when presented for

the first time on appeal. That new defenses cannot be raised upon appeal is too well settled to require further comment.

However, since the respondents have encumbered the property with a mortgage the judgment below is modified to provide that Mr. Eisen pay to the respondents the amount of the judgment upon their tender of a deed, conveying title free of that encumbrance, or, at the option of Mr. Eisen, pursuant to the terms of the contract, that the respondents convey the property to Eisen subject to the loan and the mortgage when the principal has been reduced to the amount of the loan and the mortgage.

The judgment below is affirmed with the above modification. Costs to the respondents.

PRATT, C. J., and WADE, LATIMER, and McDONOUGH, JJ., concur.