382 P.2d 883

**DOLORES URANIUM CORPORATION, a corporation, Plaintiff and Appellant,**

v.

**Robert W. JONES, d/b/a R. W. Jones Trucking Company and Leon Brady, Defendants and Respondents,**

**Robert W. JONES and Wilma A. Jones, a partnership, d/b/a R. W. Jones Trucking Company, Third-Party Plaintiffs,**

v.

**DOLORES URANIUM CORPORATION and Barney G. Powell, Third-Party Defendants.**

No. 9772.

Supreme Court of Utah.

June 28, 1963.

Rawlings, Wallace, Roberts & Black, Richard C. Dibblee, Salt Lake City, for appellants.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

Moffat, Iverson & Elggren, Salt Lake City, for appellant.

Fabian & Clendenin, Ralph L. Jerman, Bartley G. McDonough, of Wilkinson, McDonough & Wilkinson, Salt Lake City, for respondents.

HENRIOD, Chief Justice.

Appeal from a dismissal of plaintiffs' complaint. Affirmed. Costs to defendants.

Powell owed Jones $445 for hauling his "cat." The evidence fairly shows that in payment therefor Powell authorized Jones to rent the equipment, which Jones did, to defendant Brady, who paid Jones for the time he claimed it was used.

On conflicting evidence the hourage radically ranged from 1) actual and 2) meter-reading use calculation. The trial court chose to believe the actual-use evidence. It also rejected a second claim of negligent damage in employing the machine. On both counts the record reflects that he was supported by competent, substantial evidence.

Powell claims error in that the trial court did not enter findings and conclusions. No one asked for them.

Generally where a case is tried to the court on facts adduced after issues joined, findings should be made and entered, but sans insistence thereon by the parties, we do not consider such error raisable for the first time on appeal, either under the rules or under elementary principles that would allow an adversary to meet the matter at the trial level.

McDONOUGH, CALLISTER, CROCKETT, and WADE, JJ., concur.