431 P.2d 788

**Harry RITER and Edith Siders Riter, Plaintiffs and Appellants,**

**v.**

**Aristos CAYIAS and Dorothy Cayias, his wife, Defendants and Respondents.**

**No. 10697.**

Supreme Court of Utah.

Sept. 6, 1967.

7. Palman v. Reynolds, 310 Mich. 35, 16 N.W.2d 657; Continental Bank & Trust Co. v. Stewart, 4 Utah 2d 228, 291 P.2d 890.

Allen & Paulsen, Salt Lake City, for appellants.

Wm. J. Cayias, Salt Lake City, for respondents.

CROCKETT, Chief Justice:

The plaintiffs Riter and the defendants Cayias have been neighbors owning contiguous tracts of land at about 4085 South on Orchard Drive in Bountiful, Davis County, for over 20 years. Recently a dispute developed between them over two segments of boundary line between their respective properties, and also over an easement owned by the defendant which allows him to transport water over the plaintiff's property. The court found the issues against the plaintiff and she appeals.

The first segment of boundary in dispute runs easterly about 175 feet from Orchard Drive. Each party has a row of peach trees running east and west a few feet inside their own property lines. Mrs. Riter claims that even though a survey shows otherwise, the boundary is the center line between these rows of trees because she had used the property up to this claimed boundary and thereby acquired the property by adverse possession and/or by acquiescence. The difficulty with her position is that it is not shown that there was any such definite boundary established by a fence or other markers or monuments, nor that there was any exclusive possession and/or use of the land to such a definite boundary. These things would be necessary because in order to establish a boundary by adverse possession or by acquiescence the circumstances must be such that the party who would be losing his property either had or should have had knowledge

that his property was being claimed by another.[1] The decisive refutation of plaintiff's contention is found in the fact that the evidence supports the finding of the trial court that no such boundary had been established.

The statements just made also apply to and defeat Mrs. Riter's attempt to vary in her favor the boundary line as shown by the survey along an irrigation ditch running northward which bounds the Cayias property on the east.

The easement in dispute was acquired from the plaintiff in 1937 by defendants' predecessor, Francis H. Odell. Water supplied from the Bonneville Irrigation Canal was taken through a pipeline over the Riter property to the defendants' land from that time until the spring of 1960. After the defendants acquired rights to water from the Weber Basin Conservancy District, which flowed to them from the north and did not require the use of the pipeline, the plaintiff closed the easement.

■ The plaintiff's first challenge to the continued existence of the easement is that it was tied to the Bonneville water right and limited to carrying water from that source. The test of the soundness of this contention is in the language of the easement itself. It provides for a "perpetual right to construct, operate and maintain a pipeline for irrigation purposes with the right of ingress and egress along said line." Neither in this clearly expressed grant, nor from any proof shown in this record is there any justification for the imposition of any such limitation or restriction.

■ Plaintiff makes the further contention that after the use of water from Bonneville ceased the defendant discontinued the use of the easement and should therefore be deemed to have abandoned it. This easement is a right in land evidenced by a written conveyance, duly recorded. The right so conveyed could be overcome only by clear and convincing evidence.[2] And this must not be of mere nonuse of the easement, but of the intention of the owner to abandon it.[3] The evidence fails to so demonstrate here. On the contrary, it amply supports the trial court's finding that

1. See Scott v. Hansen, 18 Utah 2d 303, 422 P.2d 525; 3 Am.Jur.2d Adverse Possession § 47 (1962) and cases therein cited; Cf. also Holbrook v. Carter et al., 19 Utah 2d 288, 431 P.2d 123.

2. That the effect of a written instrument generally must be overcome by clear and convincing evidence, see Greener v. Greener, 116 Utah 571, 212 P.2d 194; Child v. Child, 8 Utah 2d 261, 332 P.2d 981; Jardine v. Archibald, 3 Utah 2d 88, 279 P.2d 454; 25 Am.Jur.2d Easements and Licenses § 103.

3. See 25 Am.Jur.2d Easements and Licenses § 105.

Cayias had not shown an intention to abandon this easement.[4]

Without burdening this opinion with the details, it is shown that there is water available for the use of the defendants which could be transported through the easement. And further, there is evidence that because the flow from the regular Weber Basin source would not reach the higher, eastern portion of the Cayias tract, he made an attempt to bring in supplementary waters through the easement, but was prevented from doing so because the Riters had filled in the headgates; and this obstruction by the plaintiffs had contributed to its nonuse

 Plaintiff in her brief makes the claim that if the ditch referred to is not on her property, she has acquired an easement in its use. This is not an issue which was presented, tried and determined by the trial court. Accordingly it cannot properly be considered for the first time on appeal.[5]

Affirmed. Costs to defendants (respondents).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

4. Brown v. Oregon Short Line R.R. Co., 36 Utah 257, 103 P. 780, 24 L.R.A., N.S., 86, relied on by the plaintiffs, is quite different and not controlling here because in that case there was shown a clear intention to abandon the easement.

5. Westerfield v. Coop, 6 Utah 2d 262, 311 P.2d 787; Dolores Uranium Corp. v. Jones, 14 Utah 2d 280, 382 P.2d 883.