432 P.2d 45

**In the Matter of the ESTATE of Andrew EKKER, Deceased.**

**Richard Ekker, Appellant.**

**No. 10677.**

Supreme Court of Utah.

Sept. 25, 1967.

---

George E. Bridwell, Salt Lake City, for appellant.

Dan Keller, Price, Arthur H. Nielsen, Salt Lake City, for respondent.

CALLISTER, Justice.

This is a will contest between the two surviving sons and sole heirs of Andrew Ekker, decedent. Andrew, at the age of 75, executed a will on June 12, 1957; he died May 18, 1965. By the terms of the will, the testator left his entire estate to his son, Lawrence A. Ekker. Lawrence filed a petition for admission of the will to probate and Richard filed objections alleging that the will was obtained by undue influence, that, at the time of executing the will, the testator was not competent and was not of sound and disposing mind, and that the will was not executed with the formalities required by the laws of Utah.

The matter was tried to a jury. However, at the conclusion of the protestant's evidence, the court below granted the motion of petitioner for an involuntary dismissal. The court concluded that the evidence adduced by Richard was insufficient as a matter of law to submit to the jury the issue of fraud, undue influence and

lack of testamentary capacity and there-fore admitted the will to probate. From this order Richard appeals.

Upon this appeal, the protestant, Richard, raises three points on appeal: (1) That the will is void because of material mistake of fact and law appearing on the face of the will; (2) that the testator was suffering an insane delusion at the time he executed the will; and (3) that the will was executed as a result of the undue influence of Lawrence and his wife, Susan.

■ Neither of the first two points were raised in the pleadings nor put in issue at the trial. Therefore, they cannot be considered for the first time on this appeal.[1]

■ As to the third point, Richard contends, basically, that the will itself is evidence of undue influence because of its unnatural and unjust disposition and complete disregard for one of the natural objects of the testator's bounty, namely, his son, Richard.

The facts surrounding the execution of the will are as follows: The testator, who lived in Hanksville, went to the office of an attorney in Price, Utah, on June 12, 1957. The attorney had previously done legal work for Andrew, who was alone on this particular visit. The testator discussed the specific disposition he wished made of his property. He related that Lawrence had remained on the ranch and has assisted him in building and preserving the property. He explained that after the death of his unmarried son, Eugene, he had given to Richard, Eugene's livestock with the understanding that Richard would work with him and Lawrence on the ranch. Richard remained a short time thereafter and then married and moved to Torrey, taking his cattle with him, and conducted his livestock operation there. Andrew stated that his ranch was only large enough for a one-family operation.

The will was prepared and executed the same day. The attorney and his secretary were the attesting witnesses. At the request of Andrew, the attorney retained the will in his office where it remained until the death of the testator. No evidence was presented to indicate an intention on the part of the testator to alter the disposition provided in his will.

During the trial of the case, there was no evidence presented to indicate that decedent's mental faculties were impaired, that a confidential relationship existed between him and Lawrence, or that Lawrence participated in the formulation and execution of the will or knew of the disposition of the property therein. Except for the testimony of the attorney and the other

1. Westerfield v. Coop, 6 Utah 2d 262, 311 P.2d 787; Dolores Uranium Corp. v. Jones, 14 Utah 2d 280, 382 P.2d 883; Nielson et al. v. Eisen, 116 Utah 343, 209 P.2d 928.

attesting witness, the testamentary capacity of the decedent was largely ignored during the trial, which digressed into an unfortunate family feud directed to the undermining of the characters of the respective parties.

The record is totally void of any evidence that the will was drawn by other than the testator's own free will and choice. The will was in existence for a number of years after its execution and the testator had ample opportunity to revoke or repudiate it, if he so desired.

The fact that Andrew preferred to leave his property to the son who had assisted him in his ranch operations does not present an unnatural disposition. He left a reason behind him showing clearly what induced him to make his will as he did. If he were of sound and disposing mind and memory (and there is no evidence to the contrary) when he made his will, then, under the law, he had the sole right to choose the objects of his bounty.[2]

It is presumed that the testator was competent and acting of his own free will and not under duress or undue influence. The initial burden of proof on those issues is upon the objector. In the instant case, the objector, Richard, did not meet this burden.[3]

Affirmed. Costs to respondent.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

2. In re Hanson's Will, 50 Utah 207, 167 P. 256 (1917); In re Lavelle's Estate, 122 Utah 253, 248 P.2d 372 (1952).

3. In re Lavelle's Estate, supra, n. 2; In re Holten's Estate, 17 Utah 2d 29, 404

P.2d 27 (1965); see also: Bradbury v. Rasmussen, 16 Utah 2d 378, 401 P.2d 710 (1965) for a discussion as to the relationship of parent and child as it relates to the issue of undue influence.