497 P.2d 633

Robert H. CRIST and Jack L. Williams, dba Oak Hill School, Plaintiffs and Respondents,

v.

MAPLETON CITY, a body corporate and politic of the State of Utah, and Paul Cherrington, Defendants and Appellants.

No. 12558.

Supreme Court of Utah.

May 25, 1972.

Henriod, J., concurred in result and filed opinion.

Crockett, J., dissented and filed opinion in which Callister, J., concurred.

Aldrich, Bullock & Nelson, V. Pershing Nelson, Provo, for defendants and appellants.

Jeffs & Jeffs, M. Dayle Jeffs, Provo, for plaintiffs and respondents.

ELLETT, Justice:

The plaintiffs herein filed a petition for and obtained from the trial court a writ of mandamus to compel the defendant Paul Cherrington (the building inspector and zoning administrator for Mapleton City) to issue to the plaintiffs a building permit for the alteration of a "single family" dwelling

into a school for boys. The defendants appeal.

The petition originally requested the court to compel Mapleton City, a body corporate and politic of the State of Utah, to issue the permit, but later was amended to eliminate Mapleton City and to include the defendant, Cherrington. No objection has been raised to this change. While the writ was directed to Paul Cherrington only, nevertheless, Mapleton City has purportedly joined in this appeal, and no objection has been made in that regard.

The purpose of the alteration desired was to provide a building for a detention place for 26 wayward boys, including drug addicts from ages 12 through 17, and to afford them such training and schooling as would be proper in each case.

In the findings of fact upon which the writ was issued the court found:

It has been often said that we very much need special schools to educate, improve, and rehabilitate human beings, but nobody wants them in his own neighborhood.

We need not go into the merits or demerits of institutions such as plaintiffs propose to establish in Mapleton City; nor need we decide this case on the question of whether the proposed institution can be classified under the term "school." [1]

The plaintiffs set forth in their amended petition for the writ their antecedent procedures as follows:

\* \* \* \* \* \*

3. That on December 23, 1970, plaintiffs herein filed an application for a building permit with Mapleton City.

4. That on December 28, 1970, plaintiffs herein appeared before the Planning Commission of Mapleton City to obtain approval of the building permit. At said meeting, the Planning Commission informed plaintiffs herein that they were going to recommend to the City Council that the building permit not be granted.

5. That plaintiffs herein appeared before the Mapleton City Council on January 4, 1971, and made request at that time for the issuance of the building permit and were informed that they would take the matter under advisement and consult with their legal counsel. Thereafter, plaintiffs herein were informed that the City Council had denied the request for a building permit.

6. That on January 12, 1971, plaintiffs herein appeared before the Mapleton City Board of Adjustment and appealed the decision of the Planning Commission and the City Council in denying the building permit. That said Board of

1. The ordinance permits single family residences and schools to be constructed within the zoned area.

Adjustment refused the request of plaintiffs herein to issue the building permit.

\* \* \* \* \* \*

Eight days after the Board of Adjustment refused to issue the permit, these plaintiffs filed their petition for a writ of mandamus. They ignored the statutory remedy provided for in Section 10–9–15, U.C.A.1953, which reads:

> The city or any person aggrieved by any decision of the board of adjustment may have and maintain a plenary action for relief therefrom in any court of competent jurisdiction; provided, petition for such relief is presented to the court within thirty days after the filing of such decision in the office of the board.

 By ignoring a plain, speedy, and adequate remedy at law, the plaintiffs placed themselves out of reach of the extraordinary writ of mandamus.[2] A writ of mandamus is not a substitute for and cannot be used in civil proceedings to serve the purpose of appeal, certiorari, or writ of error.[3]

The dissent quotes from Rule 65B(a), U.R.C.P., whereby special forms of writs of mandamus, etc., are supposedly abolished. Since Sections 4 and 7 of Article VIII of the Utah Constitution provide for these writs in both the District Courts and the Supreme Court, the writs themselves cannot be abolished. What the rule means is that those writs need not be designated as such in order to be effective. It well may be that relief by way of writ of mandamus could be had without designating the writ as such pursuant to Rule 65B(b). However, the dissent attempts to make it appear that the writ of mandamus so designated can be converted into an appeal, and this does not follow.

The judgment of the district court is reversed, and the writ of mandamus is dissolved. No costs are awarded.

TUCKETT, J., concurs.

HENRIOD, Justice (concurring in the result):

I concur in the result, and, doing so, say that in my opinion the dialogue between the main opinion and the dissent well might be resolved by many circumstances that distinguish procedures under petitions for writs of mandamus from regularly pursued appeals,—among which are 1) that relief under mandamus may be instanter in rare cases, not available by regular appeal,

---

2. Rule 65B(a) provides: " . . . Where no other plain, speedy and adequate remedy exists, relief may be obtained by appropriate action under these rules, . . . "

3. 52 Am.Jur.2d Mandamus § 9, p. 338.

2) the former looks to a sort of quasi delictu, while the latter may apply only to a discretionary conclusion that may be rectified on appeal if proven to be honestly arrived at but improvident or the result of misunderstanding. Such conceptual difference may be reflected in Rule 65B(b) (3), employed by plaintiffs, having to do with grounds for mandamus. Therein is reflected a basis for extraordinary relief beyond that usually provided for by regular appeal, to compel someone to act where the law imposes a duty irrespective of any power of exercising discretion; it is something like the difference between a law that requires a dog catcher to impound all Mexican Hairless dogs, and a law that requires him to impound all Mexican Hairless dogs unless, in his infinite wisdom, he must determine whether the suspect dog is really a Mexican Hairless or perchance a shorn French Poodle.

Another distinction might be found in our Constitution itself, Art. VIII, Sec. 25, where this court, on regular appeal, may reverse, modify or affirm, while in a mandamus proceeding the decision is definite, applies only to the duties of lawfully constituted officers with lawfully interdicted and predetermined duties which allegedly they have violated.

Since plaintiffs chose the route of the extraordinary writ under Rule 65B(b) (3), as is clearly reflected in their brief, they chose to ignore the route for relief under the plain, speedy, adequate remedy of appeal, where different moves are contemplated in the judicial procedural chess game, and it is no answer at this juncture to claim that having chosen a six-shooter as their weapon in their attack they may now prefer to scatter their shots by calling it a machine gun, which it isn't.

CROCKETT, Justice (dissenting) :

The defendants, who are seeking to overturn the judgment of the trial court, have had what they are entitled to: a full and fair opportunity to present the facts and their contentions to the district court, and have had a determination made thereon.

Candor requires conceding improper entitlement of the plaintiffs' petition to the district court as one for mandamus. However, if the total proceeding is looked at realistically: the substance of the petition, the objective sought of correcting the denial of the building permit, and the proceeding as conducted before the district court, it will be seen that in essence it was the carrying out of the procedure authorized by Sec. 10–9–15, U.C.A.1953, referred to in the main opinion. It allows:

. . . any person aggrieved by any decision of the board of adjustment . . . a plenary action for relief therefrom in any court of competent jurisdiction; provided, petition for such relief is presented to the court within thirty days.

That is exactly what the plaintiffs did. They filed their action in the district court within the 30-day period. The defendants filed an extended and detailed answer to the petition, coupled with six affirmative defenses, and a counterclaim in which they sought the affirmative relief of an injunction against the plaintiffs. The parties and the court treated the proceeding as a contest in which the critical issue presented to and decided by the trial court was whether the projected "Oak Hill School" proposed by the plaintiffs constituted a "school" and thus allowed by the zoning ordinance. There was a plenary hearing in which the defendants and the plaintiffs joined in stipulating to facts and presenting evidence bearing on that issue. Thereafter the parties submitted their respective memorandums to the trial court. The extensive memorandum of the defendants, consisting of 17 pages, dealt entirely with the issue stated above; and it did not argue the matter of the propriety of denominating the proceeding as mandamus. The defendants should be restricted on this review to the matters presented to, and urged in their memorandum to the district court. We have held on a number of occasions that the case should be reviewed here on the basis it was presented to and decided by the trial court. See Riter v. Cayias, 19 Utah 2d 358, 431 P.2d 788; Hamilton v. S. L. County Sewerage Improvement Dist., 15 Utah 2d 216, 390 P.2d 235.

It is to be noted that the problem here presented is not analogous to petitioning this court, which does not take evidence, for an extraordinary writ to interfere with a lower court. In the instant case the statute quoted, Sec. 10–9–15, expressly provides for review by the district court. The only thing the defendants can criticize or complain about is that the plaintiffs used the ill-advised nomenclature for the proceeding in using the term "mandamus" instead of some other term, such as "petition for review." I cannot see this as anything other than a technicality which did not adversely affect the rights of the parties.

The spirit and purpose of the reformed Utah Rules of Civil Procedure adopted effective January 1, 1950, was that the courts should look to the substance and merits of a controversy rather than to technicalities of terms and superficialities of form. Rule 1 provides in part that:

. . . They shall be liberally construed to secure the just, speedy, and inexpensive determination of every action. Consistent with this, Rule 65B(a) states that:

Special forms of pleadings and of writs in habeas corpus, mandamus, quo warranto, certiorari, prohibition and other extraordinary writs, as heretofore known, are hereby abolished.

Rule 61, U.R.C.P., provides in part:

. . . The court at every stage of the proceeding must disregard any error

or defect in the proceeding which does not affect the substantial rights of the parties.

Because of these facts: that the proceeding for review was filed in the district court within the time by law, and was therefore in the *right court*, with the *right parties* and the *right controversy*; and that the parties joined in presenting to the trial court and obtaining an adjudication thereon, it is my opinion that it would be in harmony with the spirit and purpose of these rules, and in the interest of justice, that the judgment should be affirmed.

CALLISTER, C. J., concurs in the views expressed in the dissenting opinion of CROCKETT, J.