James W. SEEQUIST and Joan W. Seequist, his wife, Plaintiffs and Appellants,

v.

Gladys R. SEEQUIST et al., Defendants and Respondents.

No. 13569.

Supreme Court of Utah.

July 11, 1974.

P. Keith Nelson, of Brandt, Miller, Nelson & Christopherson, Salt Lake City, for appellants.

George K. Fadel, Bountiful, for respondents.

HENRIOD, Justice:

Appeal to review the dismissal of plaintiffs' complaint and defendants' counterclaim and quieting title to the properties involved in defendant Gladys R. Seequist. Affirmed. No costs awarded.

Plaintiffs James W. and Joan W. Seequist are husband and wife. James is the son of defendants A. W. Seequist and Gladys R. Seequist and the half-brother of Jean M. King. On March 27, 1973, Gladys executed a warranty deed on property to James and Joan Seequist. The deed was properly recorded April 6, 1973. On April 2, 1973, Gladys executed a warranty deed on the same property to Jean M. King, which deed was properly recorded the same day.

The trial court found that Gladys did not have the mental capacity to comprehend the effect of the transactions. We think appellants have failed to show an abuse of discretion of the court absent a clear showing of such an abuse.

Based on Gladys' testimony, the trial court found that the requirements necessary to show the existence of a confidential relationship between James and Gladys R. Seequist [1] were present when the transactions took place. Counsel for appellants argue that no evidence was presented which would show a reposal of confidence by Gladys in James, but we think her testimony which was relied upon by the trial court clearly reflects such confidence.

The court found that, as fiduciary and a person having confidential relationship with Gladys, James had a duty to act fairly, make a disclosure of material information, and to take no unfair advantage of his superior position. We think it was correct in finding that James breached his duty and also in its reliance upon both the extreme disparity between the market value of the property, somewhere between $62,500 and $91,250, and the amount paid by the plaintiff, $28,000, and the fact that plaintiff made no attempt to secure for defendant Gladys any independent advice or representation even though he was aware that she had no independent knowledge of the value of the property involved.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

1. See Bradbury v. Rasmussen, 16 Utah 2d 378, 401 P.2d 710 (1965).