**WESTERN GATEWAY STORAGE CO.,**
**Plaintiff and Respondent,**

v.

**Fred G. TRESEDER and Antonia Treseder, his wife, and the United States of America, Defendants and Appellants.**

**No. 14816.**

Supreme Court of Utah.

July 21, 1977.

Darrell G. Renstrom, W. Brent West, Ogden, for defendants and appellants.

Richard W. Campbell, of Olmstead, Stine & Campbell, Ogden, for plaintiff and respondent.

HALL, Justice:

This is an appeal from a bench trial and judgment declaring as abandoned a right of way over real property.

The defendants, Treseder, are the owners of a right of way acquired by a series of conveyances dating to 1909 recorded in the Office of the Weber County Recorder. It was initially used for the delivery of coal and since conversion of the area to natural gas as the principal heating fuel its use has been for the removal of waste materials, the delivery and removal of building supplies, and the movement of tenants in and out.

The evidence at trial was largely undisputed that the right of way was littered with rubbish, power poles, mounds of earth and growing trees. The defendants Treseder denied any intention to abandon while plaintiff asserted there was virtually no use and that the value of the right of way was of considerable great value to its business and of little value to defendants.

The Memorandum Decision of the trial court acknowledged defendants' occasional use by removing a section of fence specifically left loose for that purpose and not permanently attached. It also noted that the closing of the right of way would cause defendants little inconvenience and had no economic value other than to force plaintiffs to pay an excessive price to enhance the use of its adjoining property.

Defendants assign as error the finding below as being contrary to law in that the evidence failed to support a finding of intent to abandon the right of way.

■ It is well recognized that an easement or right of way may be abandoned.[1] However, to determine the issue of abandonment several factors need be considered among which are whether or not the right was acquired by prescription or grant, the extent of its use, and the actual intent of the owner.

This court has previously recognized that a right gained by conveyance may not be lost by non-use alone and that an actual intent to abandon be evident.[2] The same principle was reaffirmed in *Tuttle v. Sowadzki*[3] and in *Riter v. Cayias*.[4]

In regard to the quantum of proof required on the issue of abandonment, the court was confronted with the question in connection with a prescriptive easement in *Harmon v. Rasmussen*[5] and it was therein determined that the degree of proof required was that of clear and convincing actions releasing the ownership and right of use and an intentional abandonment, not a mere preponderance of the evidence.

■ The facts of the case at hand reveal that the right of way is of long standing, is supported by a grant, and the evidence presented of actual intent to abandon was insufficient. While the evidence does reflect the right of way is somewhat obstructed by debris, undergrowth and items of personal property, there is clear evidence that it was used, is presently in a condition as will allow continued use, and that defendants have access thereto through a portion of removable fence utilized as a gate. In fact, the trial court made a specific finding of occasional use.

The trial court further found that defendants would suffer only slight inconvenience should the right of way be closed while on the other hand plaintiff would suffer substantial monetary loss if the same remained open.

In light of the specific findings of the court, which are contrary to a determination of abandonment, and in derogation of the previously announced principles of law pertaining to abandonment of granted rights of way, we reverse and rule as a matter of law that the right of way was not abandoned and remand for the entry of judgment in favor of defendants. No cost awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

1. *Brown v. Oregon Short Line R. Co.,* 36 Utah 257, 102 P. 740, 24 L.R.A., N.S. 86: *Dahnken v. George Romney & Sons Co. et al.,* 111 Utah 471, 184 P.2d 211.

2. *See Brown v. Oregon Short Line R. Co.,* note 1, supra.

3. 41 Utah 501, 126 P. 959.

4. 19 Utah 2d 358, 431 P.2d 788.

5. 13 Utah 2d 422, 375 P.2d 762.