COMMERCIAL SECURITY BANK, The Citizens Bank, Federal Employees Credit Union, Ogden Government Employees Credit Union, Ogden Municipal Employees Credit Union, Weber State College Employees Federal Credit Union, Weber Education Association Credit Union and McKay Dee Hospital Credit Union, Plaintiffs and Appellants,

v.

Robert V. PHILLIPS, Presiding Circuit Court Judge, Defendant and Respondent.

No. 17409.

Supreme Court of Utah.

Sept. 27, 1982.

---

1. Rule 61, Utah Rules of Civil Procedure.

2. See *Gramme v. Gramme*, Utah, 587 P.2d 144 (1978).

fendant, a circuit court judge, plaintiffs requested interest on those judgments at the rates set forth in the contracts giving rise to the judgments. Defendant, with the concurrence of a majority of the judges in his circuit, entered an order which limits interest on such judgments to 8% per annum, regardless of the interest rate specified in the contract sued upon, except in cases where the contract expressly indicates that the specified rate applies to judgment interest. Plaintiffs did not appeal defendant's order to the district court, but rather filed with that court a petition for a writ of mandamus to compel defendant to grant plaintiffs the requested contractual interest rates on the judgments in question.

Plaintiffs' petition relies on U.C.A., 1953, § 15–1–4, which provided at time of defendant's order:

> Any judgment rendered on a lawful contract shall conform thereto and shall bear the interest agreed upon by the parties, which shall be specified in the judgment; other judgments shall bear interest at the rate of eight percent per annum.[1]

Plaintiffs contend that under the above statute, a judgment rendered upon a contract in which the parties have agreed upon a specific interest rate should bear interest at the designated rate whether or not the contract expressly states that this rate applies to judgment interest. In plaintiffs' view, the statutory rate limitation applies only in cases where the parties have not contractually agreed upon a particular rate of interest. Defendant urges, on the other hand, that the statutory rate applies in all cases where the contract omits any express reference to judgment interest.

Brian R. Florence, Timothy W. Blackburn, Ogden, for plaintiffs and appellants.

David L. Wilkinson, Atty. Gen., Michael L. Deamer, Deputy Atty. Gen., Arthur A. Allen, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

**HALL, Chief Justice:**

Plaintiffs appeal from the district court's denial of their petition for a writ of mandamus. Plaintiffs are banks and credit unions who regularly engage in the collection of delinquent contracts and accounts. In submitting certain default judgments to de-

■ The district court denied plaintiffs' petition for mandamus on the ground that section 15–1–4 does not "specially enjoin" the payment of post-judgment interest rates as requested by plaintiffs. Under the

---

1. In 1981, the legislature amended this section to substitute an interest rate of 12% per annum for the former 8% rate.

Utah Rules of Civil Procedure, mandamus lies "to compel any inferior tribunal, or any corporation, board or person to perform an act *which the law specially enjoins* as a duty resulting from an office, trust or station."[2] (Emphasis added.) However, mandamus is not available as a substitute for an appeal.[3]

█ We agree with the district court that section 15–1–4 does not "specifically enjoin" the payment of interest rates according to plaintiffs' interpretation of the statute. Rather, the issue presented in the circuit court for determination was one of statutory interpretation, *i.e.*, whether U.C.A., 1953, § 15–1–14 limits judgment interest to the statutory rate unless the contract sued upon specifically provides for a higher rate. Following defendant's decision interpreting the statute adversely to plaintiffs, their recourse was to pursue their plain, speedy and adequate remedy at law by appealing to the district court.[4] As stated above, plaintiffs did not have the option of substituting the extraordinary remedy of mandamus for the former remedy. The district court therefore properly refused to grant the requested writ.

Affirmed.

STEWART, HOWE, OAKS, and DURHAM, JJ., concur.

---

2. Rule 65B(b)(3), Utah Rules of Civil Procedure.

3. *Crist v. Mapleton City,* 28 Utah 2d 7, 497 P.2d 633 (1972).

4. Right of appeal from all inferior courts and tribunals is to the district court, Constitution of Utah, Art. VIII, §§ 7, 9; U.C.A., 1953, §§ 78–3–4, 78–4–11.